IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>ALLEN L. WISDOM,<br><br>    Debtor.<br><br>———<br><br>ALLEN L. WISDOM,<br><br>    Appellant,<br><br>v.<br><br>JEREMY J. GUGINO, Chapter 7 Trustee,<br><br>    Respondent. | Case No. 1:12-cv-00530-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

Pending before the Court is debtor Allen L. Wisdom's appeal from the Bankruptcy Court's Order approving the Chapter 7 Trustee's Final Report. Wisdom objected to the report, contending that the trustee had wrongly liquidated five of his life insurance policies. Wisdom also contended that the trustee violated fiduciary duties and committed fraud. The bankruptcy court overruled these objections. This Court will affirm.

## BACKGROUND

Allen Wisdom filed a Chapter 7 bankruptcy petition in April 2011. In schedule B, he disclosed an interest in a whole life insurance policy issued by New York Life. He claimed the entire value of this policy, listed at $162,802.79, as exempt under Idaho Code §§ 41-1833(1) and 41-1930. *Respondent's ER,* Dkt. 9, at 3.

In May 2011, Wisdom amended schedules B and C. The amended schedule B disclosed five whole life insurance policies issued by New York Life. Four of the policies were valued at less than $5,000 apiece. The fifth was valued at roughly $62,000. In the amended schedule C, Wisdom claimed exemptions in all the policies under Idaho Code § 11-605(10). Specifically, he claimed that the four smaller policies were exempt for their entire value. As for the larger policy, he claimed a $5,000 exemption, which is the statutory limit set out in Idaho Code § 11-605(10). *Appellant's ER,* Dkt. 7, at 11, 12, 14.

The trustee did not object to the $5,000 exemption in the largest policy. He did, however, object to the claimed exemptions in the four smaller policies. The trustee argued that debtors are entitled to one $5,000 exemption – not a $5,000 exemption for each policy. *Id.* at 17. Wisdom did not respond to the trustee's objection and the Court sustained it in June 2011. *Id.* at 71.

After the Court sustained the trustee's objection, the trustee asked the

insurance company to liquidate the four smaller policies. *Id.* at 67. (The trustee had already asked New York Life to liquidate the larger policy, since Wisdom had claimed only a $5,000 exemption, and the policy was worth roughly $62,000. *Id.* at 81). New York Life complied with the trustee's requests and liquidated all the policies. The trustee received approximately $75,000 from the liquidation and turned over $5,000 of the proceeds to Wisdom.

Roughly a year later, after administering the assets of the estate, the trustee sought approval of his final report. Wisdom objected to this report, asserting that the trustee breached various duties to him by liquidating the insurance policies. The bankruptcy court overruled Wisdom's objections and approved the final report. This appeal followed.

## STANDARD OF REVIEW

District courts review bankruptcy court decisions in the same manner as would the Ninth Circuit. *See George v. City of Morro Bay (In re George)*, 177 F.3d 885, 887 (9th Cir. 1999). Thus, the Court reviews the bankruptcy court's conclusions of law, including its interpretation of Idaho's exemption statutes, de novo. *See id.* The bankruptcy court's factual findings are reviewed for clear error. *Id*

## ANALYSIS

1.  **Exemptions for Life Insurance Policies**

    If the owner of a life insurance policy files a bankruptcy petition, the policy

becomes an asset of the bankruptcy estate.  *See* 11 U.S.C. § 541(a).  Idaho debtors may exempt life insurance policies, however, as permitted by Idaho state law.  *See* Idaho Code § 11-609; 11 U.S.C. § 522(b).

Two Idaho code sections contain exemptions for life insurance policies – Idaho Code § 11-605(9) and § 11-605(10).  Subsection (9) exempts the policy itself, while subsection (10) allows the debtor to retain a specific dollar amount – up to $5000 – in the "accrued dividend, interest under, or loan value of" the policy.  In full, these statutes provide:

> *§ 11-605.  Exemptions of personal property and disposable earnings subject to value limitations*.
>
> (9)     Any unmatured life insurance contract owned by an individual, other than a credit life insurance contract.
>
> (10)    An individual's aggregate interest, not to exceed five thousand dollars ($5,000) in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the individual under which the insured is the individual or a person of whom the individual is a dependent.

Under these statutes, if a debtor exempts a life insurance policy under subsection (9), the trustee cannot surrender the policy.  Instead, the trustee may exercise other rights under the policy, such as directly borrowing the loan value of the policy – leaving the debtor with the insurance policy in place, but encumbered by the loans, subject to the debtor's right to exempt $5,000 of the loan value, dividends, or interest.

Memorandum Decision and Order - 4

This interpretation of Idaho's exemptions statutes is supported by the legislative history of the corollary federal exemptions for life insurance policies. With minor differences not relevant here, the federal life insurance exemptions found in 11 U.S.C. § 522(d)(7) and (8) are identical to Idaho's exemptions set forth in Idaho Code § 11-605(9) and (10).[1]  The federal legislative history explains that:

> Paragraph 7 [which is equivalent to Idaho Code § 11-605(9)] exempts a life insurance contract, other than a credit life insurance contract owned by the debtor.  This paragraph refers to the life insurance contract itself.  It does not encompass any other rights under the contract, such as the right to borrow out the loan value.  *Because of this provision, the trustee may not surrender a life insurance contract,* which remains property of the debtor if he chooses the federal exemptions.  Paragraph (8) permits the debtor to exempt up to $5000 in loan value in a life insurance policy owned by the debtor under which the debtor or an individual of whom the debtor is a dependent is the insured. . . .  A trustee is authorized to collect the entire loan value on every life insurance policy owned by the debtor as property of the estate.

H.R. Rep. No. 95-595, at 361 (1977), 1978 U.S.C.C.A.N. 5963, 6317 (emphasis

---

[1] The federal exemptions related to life insurance policies read as follows:

> The following may be exempted under subsection (b)(2) of this section:
>
> (7)   Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.
>
> (8)   The debtor's aggregate interest, not to exceed in value $11,525 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

added).

As the italicized language shows, it is paragraph (7) – the corollary to Idaho Code § 11-605(9) – that prevents a trustee from surrendering a life insurance policy.[2]  Paragraph (8) does not perform that function.

In this case, Wisdom did not exempt his life insurance policies under Idaho Code § 11-605(9).  He claimed only that a particular dollar amount of the policies' values was exempt under § 11-605(10).  As a result, he cannot complain that the trustee surrendered the policies and distributed the cash surrender value (less the $5,000 claimed exemption) to his creditors.

Wisdom attempts to avoid this result by arguing that he implicitly exempted the policy under subsection (9) when he claimed an exemption under subsection (10).  In a variation on this theme, he also argues that the language of subsection

---

[2] Before the current Bankruptcy Code was enacted, trustees could surrender life insurance policies if a debtor failed to pay the "cash surrender value" of the policy.  *See* 11 U.S.C. § 110 Bankruptcy Act, § 70(a)(5).  Early proposed versions of the current Code continued this idea, and thus also continued to use the phrase "cash surrender value" in the proposed statutory language.  *See Bankruptcy Act Revision: Hearings on H.R. 31 & 32 Before the Subcomm. on Civil & Constitutional Rights of the House Committee on the Judiciary,* 94th Cong., 1st & 2d Sess. ("*House Hearings*," hereafter) (appendix thereto contains a line-by-line comparison of then-pending bills H.R. 31 and H.R. 32).  But in the final version of the Code – and apparently at the urging of the American Life Insurance Association  – Congress stripped the trustee of the right to surrender the policy if the debtor exempted it under § 522(d)(7).  *See* 11 U.S.C. § 522(d)(7); William T. Vukovich, *Debtors' Exemption Rights Under the Bankruptcy Reform Act*, 58 N.C.L. Rev. 769, 786 (1980); *House Hearings*, at 1585-86.  Accordingly, the phrase "cash surrender value" no longer appears in the statutory language.  *See* 11 U.S.C. §§ 522(d)(7), (8); *see also* H.R. Rep. No. 95-595, at 361 (1977), 1978 U.S.C.C.A.N. 5963, 6317 ("A trustee is authorized to collect the entire *loan value* on every life insurance policy owned by the debtor as property of the estate.") (emphasis added).

(10) – specifically, the absence of the term "cash surrender value" in that subsection – prevents his life insurance policies from being surrendered. Neither argument is persuasive.[3]

First, regarding the exemption-by-implication argument, Wisdom's preferred reading of Idaho Code §§ 11-605(9) and (10) violates a cardinal rule of statutory construction because it renders subsection (9) meaningless. *See, e.g., Beck v. Prupis*, 529 U.S. 494, 506 (2000). That is, if every debtor could exempt the life insurance policy itself by claiming the $5,000 exemption under subsection (10), there would be no need for subsection (9). The Court rejects this interpretation of the Idaho Code.

Another problem with this argument is that it presumes that exemptions under subsection (9) are self-effectuating. This is contrary to the basic principle that an "exemption must be claimed in order to have it be effective. Otherwise, the exemptible property will remain property of the estate." 5 *Collier on Bankruptcy* ¶ 541.04 (Alan J. Resnick & Henry J. Somme eds., 16th ed.). Thus, if debtors wish to exempt insurance policies under Idaho Code § 11-605(9), they must actually claim that exemption.

As for Wisdom's second argument, which focuses on the fact that the phrase "cash surrender value" is not found in subsection (10), the debtor seems to be

---

[3] The Court has considered all of the debtor's other arguments and finds them unavailing.

arguing that the absence of this phrase proves that exemptions under subsections (9) and (10) make no sense unless both exemptions are claimed.  Or, more precisely, Wisdom is arguing that subsection (10) cannot fly solo.  But this is not so.

It is feasible, for example, that some debtors will want to exempt $5,000 in the policy's loan value under subsection (10), but walk away from the policy itself, thus deciding not to exempt the policy under subsection (9).  The rationale for allowing the debtors to keep life insurance policies in place is to prevent debtors from being forced into the marketplace for new policies, where they might be uninsurable or have to pay prohibitively high premiums to insure themselves.  *See, e.g., Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 618 (9th Cir. 1988).  Some debtors may find that the present life insurance marketplace suits them, or that they no longer need life insurance.  The Court thus rejects debtor's argument that an exemption under subsection (10) must always and necessarily be tied to an exemption under subsection (9).

Rather, if a debtor claims an exemption under subsection (10) only, the trustee may surrender the policy and collect its value – whatever that value is called.  The life insurance policy would be just like any other estate asset at that point, and the Chapter 7 trustee is under a duty to sell those assets.  *See generally* 11 U.S.C. § 704(a)(1) (trustee shall "collect and reduce to money the property of

the estate . . . ."). The only question would be whether the debtor is entitled to a $5,000 exemption under subsection (10) – even though that subsection does not explicitly use the term "cash surrender value." That issue is not before this Court, however, because the trustee did not object to the debtor receiving a $5,000 exemption, in total, under Idaho Code § 11-605(10). Further, the debate is academic anyway because Wisdom has stated that the loan values of his policies were "nearly identical" to the liquidation values. *See Hearing Transcript* at 18-19, *Appellant's ER* 170-71 (debtor argues that "it was a colossal blunder on his [the trustee's] part to liquidate these policies because the loan values were nearly identical to the liquidation values . . . .").

Finally, the Court declines Wisdom's invitation to resolve a split between this district's bankruptcy court's opinions in *In re Steiner*, 459 B.R. 748 (Bankr. D. Idaho 2010) (Pappas, J.) and *In re Oxford*, 274 B.R. 887 (Bankr. D. Idaho 2002) (Myers, J.) Neither case is on point; the split is based on dicta from one of the cases; and even if the split were resolved Wisdom's favor, he still could not prevail.

*Steiner* held that the debtor's wife, who was a joint debtor, did not own a life insurance policy and therefore could not claim exemptions related to that policy. 459 B.R. at 757. *Steiner* also held that the debtors could not exempt the cash surrender value of life insurance policies insuring their minor children. *Id.* at 755. *Oxford* held that debtors are entitled to a single $5,000 exemption under Idaho

Code § 11-605(10), rather than a $5,000 exemption per policy.  274 B.R. at 892-93.  So neither case is helpful in resolving the issues presented to this Court.  Significantly, neither *Steiner* nor *Oxford* held or suggested that a debtor who claims an exemption under subsection (10) implicitly claims an exemption under subsection (9) as well.

*Steiner* and *Oxford* do have differing views as to whether a trustee can collect the "cash surrender value" of a life insurance policy.  *Oxford* indicated – in dicta in a footnote – that if a debtor exempts a policy under 11 U.S.C. § 522(d)(7) or its state law counterpart, Idaho Code § 11-605(9), then the trustee could not force the debtor to surrender the policy and therefore could not collect the policy's "cash surrender value."  *Id.* at 891 n.6.  *Steiner* disagreed, concluding that if debtors wish to protect cash surrender value, they must do so under subsection (10) – not subsection (9).  459 B.R. at 752-53.

Wisdom insists that *Oxford* got it right.  But even assuming this is true, Wisdom cannot prevail because he failed to exempt his policy under subsection (9).  The trustee thus had every right to surrender the contract.

**2.     The Trustee's Alleged Fraud and Related Misconduct**

Wisdom next argues that the trustee committed fraud and violated his fiduciary duties to the debtor when he surrendered the policies.  These arguments lack merit.

Memorandum Decision and Order - 10

The fiduciary duty argument is easily resolved because the trustee does not owe a fiduciary duty to the debtor. *See In re New Concept Housing, Inc.,* 951 F.2d 932, 938 (8th Cir. 1991) (citing *In re Bashour*, 124 B.R. 52, 54 (Bankr. N.D. Ohio 1991)). Rather, a Chapter 7 trustee is "the 'legal representative and 'fiduciary' *of the estate.*" *In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008) (emphasis added). As such, the trustee's primary job is to marshal and sell assets for the benefit of creditors. *Id.* at 845. That is precisely what the trustee did.

The Court is also not persuaded by the debtor's arguments that the trustee should have intuitively understood that the debtor actually meant to claim an exemption that was not stated on the schedule. As explained, if a debtor intends to exempt a life insurance policy under Idaho Code § 11-605(9), he must claim that exemption.

The fraud allegations also lack merit. Here, the debtor focuses on the trustee's representation to the insurance company that the polices were non-exempt estate property. He says this was a false statement. For the reasons explained above, however, the trustee's statement was accurate.[4]

The debtor also takes issue with the timing of the liquidation, but the Court sees no misconduct. The trustee sought to liquidate the $62,000 policy a few days

---

[4] The debtor also quibbles with the trustee's alleged failure to include a copy of his appointment when he wrote to the life insurance company. But even assuming the trustee said he was enclosing a copy of the appointment, but did not do so, this hardly amounts to fraud. There is no dispute that Gugino is the trustee in this case.

after the debtor filed his amended schedule C.  Liquidating that policy made sense and there was no reason to wait before doing so.  Wisdom insists he was entitled to notice of the liquidation, but he does not cite any supporting rule or authority.

As for the smaller polices, Wisdom exempted the entire value of these policies, but the bankruptcy court sustained the trustee's objection to these exemptions.  The trustee did not seek to liquidate these policies until after the bankruptcy court had sustained his objections.  Thus, the trustee did not engage in any misconduct related to these policies either.

## CONCLUSION

The bankruptcy court's judgment is **AFFIRMED**.

DATED: April 18, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court